## Gray v. Oech

*Albert S. Fein*, for plaintiffs.

*Arthur B. Walsh* and *Victor S. Jaczun*, for defendants.

BIESTER, P. J., June 29, 1970.—This matter is before us for disposition of defendant Naples' petition for rule to show cause why plaintiffs should not be required to file more specific answers to certain interrogatories, and as to defendant, Oech, whether we should impose sanctions against plaintiffs by reason of their failure to answer satisfactorily the answers to interrogatories filed on his behalf. Before dealing directly with this problem, we think it appropriate to refer to the averments contained in the complaint respecting defendants' negligence.

On January 16, 1969, plaintiffs filed their complaint against the above-named defendants, alleging that negligence on the part of the individual doctors and the hospital was responsible for personal injuries suffered by the plaintiff-wife. In pertinent part, the complaint against Jerry F. Naples, M.D., is as follows:

"4. Jerry F. Naples, M.D., one of the defendants herein, was negligent and careless in the treatment and care of the said Esther Gray in the following respects:

"(a) He did so negligently and carelessly treat and care for the disease of the plaintiff as to be below the generally accepted standard of care required of a physician in such a case;

"(b) As the physician directly in charge of the operative procedures he did so negligently and carelessly supervise the administration of anesthesia and/or anesthetics, as to be below the generally accepted standard of care required of a physician-surgeon in such a case;

"(c) He did so negligently and carelessly operate and proceed to an operation upon the plaintiff, Esther Gray, as to cause said plaintiff severe personal injuries, and place said plaintiff in such position or positions as to cause said plaintiff severe permanent personal injuries, said injuries being hereinafter more particularly set forth."

With regard to defendant Oech, the following were the allegations regarding his negligence:

"5. The defendant, Steffen R. Oech, M.D., was negligent and careless in the following respects:

"(a) As the doctor in charge of administering anesthesia and/or anesthetic agent and/or anesthetic agents to the plaintiff, Esther Gray, he did administer anesthesia in such a negligent and careless manner as to cause said plaintiff to have severe permanent injuries and brain damage as hereinafter more particularly set forth;

"(b) He did so negligently and carelessly treat and care for the injury and disease of the said plaintiff as to be below the generally accepted standard of care required by physicians and anesthesiologists and/or anesthetists in such cases;

"(c) The said defendant did so negligently and carelessly administer anesthesia and/or an anesthetic agent and/or anesthetic agents as to cause severe and permanent brain damage and injuries to the plaintiff, Esther Gray;

"(d) He did negligently and carelessly ignore the medical condition of the plaintiff, Esther Gray, and administered certain anesthesia and/or anesthetic agent and/or anesthetic agents which were at that time contraindicated by reason of the conditions of the surgery at the time, and thereby caused said plaintiff to sustain the injuries hereinafter more particularly set forth;

"(e) He did negligently and carelessly select his employees so that the administration of the anesthesia and/or anesthetic agent and/or anesthetic agents were administered by incompetent assistants;

"(f) He did negligently and carelessly administer anesthetic agents and/or anesthetic agent so that the plaintiff's heart was caused to stop during the operation, requiring open heart manipulation and surgery and thereby causing permanent brain damage."

From all of these averments, we look in vain for facts in support of defendants' alleged negligence. It adds nothing to say that the physicians were negligent because their treatment "was below the generally accepted standard of care required of a physician in such case." This is not only a conclusion, but merely recites the standard of care required of a doctor. It is our view that such pleading does not conform to Pa. R. C. P. 1019, which requires that a cause of action necessitates the setting forth of the material facts in concise and summary form.

In Bruaw v. Weaver, 68 York 13, 15, the court said:

"We think that a physician charged with negligence and unskillfulness in the practice of his profession is entitled to be advised of the specific acts of commission or omission which constitutes the negligence and unskillfulness complained of, so that plaintiff's proof may be confined to such acts, and so that he may reasonably prepare for his defense."

To the same effect are Dyer v. Kopf, 31 Northumb. 125, and DeFord v. McMenamin, 79 York 113.

It appears to us that the pleadings suggest that plaintiffs believe they have the right to rely on the doctrines of res ipsa loquitur or exclusive control in the sense that the complaint suggests that the patient was under the care of these physicians and that she suffered certain injuries as a result thereof, and that it necessarily follows that they must be liable to plain-

tiffs for damages. True, the complaint avers in general terms negligence, but with no supportive facts. The doctrines of res ipsa liquitur or exclusive control do not apply. See Lambert v. Soltis, 422 Pa. 304, and the cases there cited.

In such situations as here presented, that is to say, where plaintiff is unfamiliar with the nature of the treatment or the operative procedures, an avenue of exploration is afforded him through the use of Pa. R. C. P. 4007(a.), which permits him to obtain information prior to the filing of the pleading to aid in the preparation thereof. As was said in Knappenberger v. Feldman, 6 D. & C. 2d 728, 732:

". . . The action involves defendant's skill in his profession and the use of his skill in the diagnosis and treatment of plaintiff's ailment. Defendant's diagnosis and treatment of plaintiff are the very heart of plaintiff's case. Treatment was given by medical apparatus. The nature of the treatment as well as the nature of the medical apparatus used are beyond the knowledge and understanding of plaintiff. The material facts concerning diagnosis and treatment are almost exclusively within the knowledge of defendant-physician. Manifestly, in these circumstances the case presents a situation where discovery in aid of pleadings is essential. It is the type of discovery which Pa. R. C. P. 4007(a) was designed to authorize."

True, we are not dealing with preliminary objections to the complaint which, unfortunately, were not filed, but it is the lack of specificity in the complaint which causes the dilemma, for the plaintiffs argue, inter alia, that they are not sufficiently informed respecting defendants' negligence to permit their intelligent response to the interrogatories filed.

The specific interrogatories which have been propounded and which are now in controversy and the answers in response thereto are as follows:

As to the defendant, Naples, interrogatory No. 34, it was requested that plaintiffs: "State with particularity, in detail, in what respect or respects the defendant was careless and negligent other than the general averments as set forth in your complaint." To this interrogatory, plaintiffs filed the following answer: "Need not be answered under rule of court."

Defendant, Oech, originally filed five interrogatories seeking answer by plaintiffs. Defendant has abandoned his interrogatories numbered 4 and 5 and is now proceeding on numbers 1, 2 and 3.

Interrogatory numbered 1 is as follows:

"1. State in detail all facts which you or your attorney have been informed constitute the basis of the averments in your complaint that:

"(a) This defendant failed to use the accepted standard of care;

"(b) This Defendant administered anesthesia in a negligent and careless manner;

"(c) This Defendant caused brain damage."

Plaintiffs filed the following answer to the aforesaid interrogatories:

"1. (a), (b) and (c) Need not be answered, since the question encompasses a trial of the entire case and is too broad. Furthermore, the complaint provides sufficient specific information to constitute a valid pleading without any greater detail."

Interrogatory numbered 2 is as follows:

"2. What was the medical condition of plaintiff which made the use of anesthesia contra-indicated?"

The plaintiffs replied as follows:

"2. The question is improperly framed. It is assumed that what is meant is why the use of the specific anesthetic employed was contraindicated. The employment of the specific anesthetic was contraindicated by reason of the specific surgery to be performed and the position and the condition of the

plaintiff before, at and after said surgery."

Interrogatory numbered 3 is as follows:

"3. Identify by name or employment position the assistants of the defendant who were incompetent, and state the nature of the incompetency."

To this interrogatory the plaintiffs filed the following answer:

"3. The name and/or employment position is unknown at this time and discovery has not as yet disclosed the name or names and employment positions of the incompetent assistants whom the defendant used or may have used."

Briefly stated, the position of defendants is that the theory of plaintiffs' case should be revealed before the taking of their depositions. Plaintiffs, on the other hand, argue that, since they are laymen, they are unable to respond to the interrogatories propounded to them with any specificity until they obtain additional information as a result of depositions or interrogatories of the physicians. The court is, therefore, called upon to untangle the knot which the parties by their joint efforts have so successfully secured. In order to unravel it, the court, at this time, although unsympathetic to the generalities of the complaint respecting negligence, and the nature of the responses to the interrogatories filed, denies and refuses the petition of defendant, Oech, for sanctions against plaintiffs for failure to answer the propounded interrogatories and denies and refuses the prayer of the petition of Naples seeking more specific answers to interrogatories. This is done to now permit the taking of defendants' depositions. As to the general right to do so, see McCart v. Strauss, 16 Bucks 571, and Swotes v. Rechtman, 46 D. & C. 2d 283. When this has been done, plaintiffs may amend the answer to their interrogatories and if they fail so to do, or if such amended interrogatories are deemed unsatisfac-

tory by defendants, defendants may reapply for the relief they now seek.

## ORDER

And now, to wit, June 29, 1970, the petition of defendant, Oech, seeking sanctions against plaintiffs by reason of their failure to respond to interrogatories is denied and refused, as is the prayer of the petition of defendant, Naples, seeking more specific answers to interrogatories. This order is made without prejudice to the rights of defendants to seek more specific responses to interrogatories after the taking of depositions referred to in the opinion.